UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| APRIL ESCALANTE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-136 |
| | § | |
| THE GOODYEAR TIRE & RUBBER COMPANY, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER REMANDING CASE

This is an action for personal injuries arising from a vehicle rollover accident allegedly resulting from a tire de-tread. D.E. 1-3. Plaintiffs, April Escalante and George Rodriguez, occupants of the car at the time of the de-tread, sued the manufacturer of the tire, Goodyear Tire & Rubber Co. (Goodyear), and the man who sold and installed the tire, Francisco Cadena d/b/a Cadena's Tire Shop (Cadena) in the 79th Judicial District Court, Jim Wells County, Texas on February 4, 2015. D.E. 1-3. Defendant Goodyear timely removed the action to this Court on the basis of diversity jurisdiction.

Diversity jurisdiction requires the citizenship of all plaintiffs to be diverse from the citizenship of all defendants and the amount in controversy to exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. It is undisputed that the parties, with the exception of Cadena, are diverse and that the amount in controversy exceeds the sum of $75,000. D.E. 1, 6. Thus Goodyear argues that non-diverse Defendant Cadena was improperly joined.

Before the Court is Plaintiff's Motion to Remand (D.E. 6), in which the only issue for the Court is whether Defendant Cadena was improperly joined such that his non-diverse citizenship may be disregarded. For the reasons set out below, the Court holds that Defendant Cadena was not improperly joined and GRANTS the Motion to Remand.

### A. The Standard of Review

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.

1999).  Among other things, Plaintiffs allege that Defendant Cadena failed to properly inspect the tire prior to resale and installation, failed to assure that the tire sold to Plaintiff Escalante was safe for her vehicle, failed to remove the tire from service, failed to assure the tire was of a safe age, and expressly and impliedly warranted that the tire was fit for its intended purpose.  D.E. 1-3.

### B. Strict Product Liability and Retailers

Goodyear's improper joinder theory is grounded on Texas Civil Practice & Remedies Code § 82.003(a), governing the liability of nonmanufacturing sellers. Plaintiffs argue that it is, instead, § 82.002(a) that governs.  Plaintiffs claim that § 82.002(a), in stating that sellers are not always entitled to indemnity from manufacturers, supports a rather general declaration of potential liability of nonmanufacturing sellers.  *See generally, General Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249 (Tex. 2006).  The two provisions are not inconsistent.  However, the Court holds that the question presented here is governed by § 82.003(a), a provision that directly addresses the bases of the liability of the seller to the injured claimant rather than the indemnification relationship between the manufacturer and the seller, of which injured claimants are only an indirect part.

Section 82.003(a) prescribes seven (7) conditions upon which the seller incurs individual liability (not subject to indemnity under § 82.002(a)).  The following subsections of § 82.003(a) are easily eliminated, based on a review of the pleadings:

> \* Subsection (1):   Plaintiffs do not allege that Cadena participated in the tire's design;

> \* Subsection (2);   Plaintiffs do not plead that Cadena altered or modified the tire;
>
> \* Subsection (4):   Plaintiffs do not recite that Cadena exercised control over the tire's warnings or instructions; and
>
> \* Subsection (7):   Plaintiffs do not suggest that Goodyear is insolvent; Goodyear has further submitted to, and even invoked, this Court's jurisdiction.

The question, then, is whether Plaintiffs' allegations trigger liability under the three remaining subsections. In evaluating improper joinder claims, the Court must construe all matters, including the pleadings, in favor of the non-removing party. *E.g., Hart v. Bayer Corp.*, 199 F.3d 239, 246-48 (5th Cir. 2000); *Madison v. Vintage Petroleum, Inc*., 114 F.3d 514, 516 (5th Cir. 1997).

The Court further joins a number of other federal courts that apply Texas "fair notice" pleading rules in removal decisions, rather than federal rules and standards. *Saenz v. IDS Prop. Cas. Ins. Co.*, No. 2:14-CV-338, 2014 WL 5325053, \*1 (S.D. Tex. Oct. 17, 2014) (citing *Stevenson v. Allstate Texas Lloyd's*, No. 11–cv–3308, 2012 WL 360089, \*3 (S.D. Tex. Feb. 1, 2012) and *Edwea, Inc. v. Allstate Ins. Co*., No. H–10–2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 (S.D. Tex. Dec. 8, 2010). Despite recently adopted Texas Rule of Civil Procedure 91a.1, which provides for dismissal "on the grounds that [the cause of action] has no basis in law or fact," the Texas concept of "fair notice" has not morphed into the Federal Rule of Civil Procedure 12(b)(6) standard re-defined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

More specifically, when sitting in diversity jurisdiction, this Court follows Texas courts' interpretation of Texas rules under *Erie* principles.

> When evaluating issues of state law, federal courts look to the final decisions of that state's highest court. In the absence of such a decision, federal courts must make an *Erie* guess and determine, in their best judgment, how the supreme court of that state would resolve the issue if presented with the same case. In making an *Erie* guess, federal courts defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise.

*Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013) (internal quotation and editing marks omitted; citations omitted). According to an intermediate Texas appellate court, the application of the "fair notice" standard has not changed.

In the context of Texas Rule of Civil Procedure 91a, and after considering Federal Rule of Civil Procedure 12(b)(6) practice, the Texas Fourteenth Court of Appeals observed:

> We conclude that both determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. In conducting our review, similar to the analogous [federal] situations discussed above, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. ***In doing so, we apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action***.

*Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (emphasis added).  Goodyear has not offered any data to show that the Supreme Court of Texas would determine this issue differently.

Under the Texas "fair notice" standard for pleading, the question is whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what evidence will be relevant so as to prepare a defense.  *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).  The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity.  *E.g, Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Applying these Texas pleading standards, the Court finds that allegations relating to the installation of the tire for use on a motor vehicle intended for operation on the roads of South Texas conceivably invokes liability for installing the component product on another product, with the harm resulting from the assembled product.  This triggers Cadena's liability under § 82.003(a)(3).  The allegations that Cadena failed to remove the tire from service because of its age and that Cadena acted knowingly, conceivably invoke liability for actual knowledge of the defect, triggering liability under § 82.003(a)(6).  And under the breach of warranty claim, Plaintiffs allege an express warranty that the product was fit for its intended purpose, triggering liability under § 82.003(a)(5) for express representation.

In determining improper joinder, the Court is not to speculate on the Plaintiffs' likelihood of success on any of these theories.  *Smallwood,* 385 F.3d. at 573.  It is enough

that a liberal construction under the "fair notice" standard in favor of Plaintiff shows that there are sufficient allegations to put Goodyear and Cadena to their proof on a cause of action that remains viable against Cadena. Goodyear has not demonstrated that Plaintiffs cannot prove any cause of action under these allegations.

## CONCLUSION

If the pleading reveals a reasonable basis of recovery on any cause of action, the court must remand the entire suit to state court. *E.g., Gray ex rel. Rudd v. Beverly Enterprises—Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). The Court finds that Plaintiff has adequately alleged viable causes of action against Defendant Cadena and that Goodyear has not met its substantial burden in proving improper joinder based on the liability allegations. The Court GRANTS Plaintiffs' Motion to Remand (D.E. 6) and REMANDS this action to the 79th Judicial District Court of Jim Wells County, Texas, the court from which it was removed. The Court DENIES Plaintiffs' request for sanctions of court costs, expenses, and attorney fees.

ORDERED this 17th day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE